**FILED**
**Aug 26, 2022**
**11:36 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **CHASIDY BRANCH,** | ) | **Docket No. 2021-07-0486** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PROFESSIONAL CARE SERVICES**, | ) | **State File No. 34241-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **BRIDGEFIELD CASUALTY** | ) | **Judge Pamela B. Johnson** |
| **INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

The Court held an Expedited Hearing on August 9, 2022, to determine whether Chasidy Branch is entitled to additional medical treatment—a CT scan and a second opinion. Professional Care Services denied the requested benefits because the authorized treating physician did not recommend additional testing, and the law does not provide for a second opinion in this case. For the reasons below, the Court holds Ms. Branch failed to show that she is likely to prevail at a hearing on the merits. Therefore, the Court denies her request for benefits.

### History of Claim

On April 20, 2021, Ms. Branch suffered mid-back injuries when her supervisor kicked the back of the chair in which she was sitting. She received authorized treatment from Dr. Tanveer Aslam and Dr. Lowell Stonecipher, whom she selected from panels. She underwent diagnostic testing including x-rays, an MRI, and an EMG study, which were normal. Dr. Aslam diagnosed thoracic sprain/strain and ordered physical therapy. He later referred her to an orthopedic physician.

Dr. Stonecipher, an orthopedist, noted:

Her MRI was normal. Everything has been normal. She does not understand

1

why she is still having pain. I told her that I had not been able to find anything wrong . . . I told her that she could ask the Workmen's Comp for a second opinion if she would like to do that, but I do not see anything that needs to be done at this time.

On September 13, Dr. Stonecipher completed a Final Medical Report, Form C-30A, writing that the injury did not result in permanent impairment, and future medical treatment was not anticipated.

Ms. Branch sought unauthorized care with chiropractor Dr. Barry Cole. According to Ms. Branch, Dr. Cole has diagnosed her with nerve damage and stated that she needs a CT scan. However, the limited chiropractic notes do not include a referral for any diagnostic testing.

### Findings of Fact and Conclusions of Law

At an Expedited Hearing, Ms. Branch must show that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

In this case, Ms. Branch is seeking additional medical treatment for her back injury. Specifically, she requests a CT scan and a second opinion. The Court will address the CT scan first.

The Court's analysis begins with determining whether the work injury caused the need for treatment. Under the Workers' Compensation Law, a work injury causes the need for medical treatment only if it is shown to a reasonable degree of medical certainty that the injury contributed more than fifty percent in causing the need for treatment. Tenn. Code Ann. § 50-6-102(14). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes. *Id.* Additionally, the opinion of the panel-selected physician shall be presumed correct on the issue of causation, but this presumption shall be rebuttable by a preponderance of the evidence. *Id.* Moreover, only treatment recommended by a panel-selected physician, or by referral if applicable, shall be presumed to be medically necessary. Tenn. Code Ann. § 50-6-204(a)(3).

Here, Ms. Branch believes Dr. Cole, her unauthorized chiropractor, has diagnosed a nerve injury and recommended a CT scan. However, Dr. Cole's records do not contain any reference to a nerve injury or referral for a CT scan. In contrast, Dr. Stonecipher, the panel-selected physician, ordered an EMG, which was normal. He further wrote that he did not "see anything that needs to be done at this time," and he did not anticipate the need for future medical treatment. His opinion is presumed correct. Based on the evidence at this time, the Court finds that Ms. Branch did not present expert medical proof to overcome the

2

presumption afforded Dr. Stonecipher. Accordingly, the Court denies Ms. Branch's request for a CT scan.

Addressing Ms. Branch's request for a second opinion, the Workers' Compensation Law states that when the treating physician refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a panel of two physicians practicing in the same specialty as the physician who recommended the surgery. Tenn. Code Ann. § 50-6-204(a)(3)(C). "The phrase 'as the physician who recommended the surgery' necessarily requires there to be an opinion of a specialist recommending surgery before an injured worker is entitled to a second opinion on the issue of surgery and diagnosis." *Petty v. Convention Prod. Rigging*, 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *21 (Dec. 29, 2016).

In this case, no physician has recommended surgery. Therefore, the law does not provide for a second opinion. Thus, the Court denies Ms. Branch's request for a second opinion. Dr. Stonecipher remains the authorized treating physician as long as he is willing to continue treating her. *Baker v. Electrolux,* 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *8-9 (Oct. 20, 2017).

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Branch's claim against Professional Care Services for the requested benefits is denied at this time.

2. The Court sets a **Status Conference** on **December 13, 2022**, at **1:30 p.m. Central/ 2:30 p.m. Eastern**. The parties must call 855-543-5041 (toll-free) to participate.

**ENTERED August 26, 2022.**

*Pamela B. Johnson*
**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

# APPENDIX

The Court has identified the following as the Technical Record:
1. Petition for Benefit Determination (without attachments)
2. Dispute Certification Notice
3. Show Cause Order
4. Hearing Request (without attachments)
5. Employer's Show Cause Brief (without attachments)
6. Order Following Show Cause Hearing
7. Employer's Pre-Hearing Statement
8. Employer's Exhibit List
9. Employer's Pre-Trial Brief

The parties marked the following exhibits:
1. Rule 72 Declaration of Chasidy Branch
2. Cole Chiropractic Clinic Medical Note
3. First Report of Work Injury
4. Panel of Physicians, April 26, 2021
5. Dr. Tanveer Aslam Medical Note, April 26, 2021
6. Panel of Physicians, June 24, 2021
7. West Tennessee Bone & Joint Medical Records
8. Final Medical Report, Dr. Lowell F. Stonecipher

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as indicated on August 26, 2022.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Chasidy Branch, Employee | X | X | 212 Rosemont Cove Dyersburg, TN 38024 chasidybranchruff@yahoo.com |
| Trent M. Norris, Employer's Attorney | | X | tmnorris@mijs.com |

_____Penny Shrum_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries      $ _____ per month       Telephone      $ _____ per month

Electricity       $ _____ per month       School Supplies $ _____ per month

Water          $ _____ per month       Clothing        $ _____ per month

Gas           $ _____ per month       Child Care     $ _____ per month

Transportation $ _____ per month       Child Support $ _____ per month

Car           $_____ per month

Other         $ _____ per month (describe: _____ )

10. Assets:

Automobile           $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House               $ _____       (FMV) _____

Other               $ _____       Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                       RDA 11082